```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| BRETT SETZER, ) | |
| ) | |
| and ) | Civil Action No. 07-cv-400-JMH |
| ) | |
| SETZER PROPERTIES COMMERCE ) | |
| CITY, LLC, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
|     Plaintiffs, ) | |
| v. ) | |
| ) | |
| NATIXIS REAL ESTATE CAPITAL, ) | |
| INC. ) | |
| ) | |
| and ) | |
| ) | |
| FIFTH THIRD BANK, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

                \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendant Natixis Real Estate Capital Inc.'s ("Natixis") motion for relief [Record No. 33] from the Court's Order denying Natixis's motion to dismiss. The matter being fully briefed, it is now ripe for review.

### I. Factual Background

Plaintiff Brett Setzer ("Setzer") is a Kentucky resident who is the managing member of plaintiff Setzer Properties Commerce City, LLC ("Setzer Properties") (collectively, "Plaintiffs"). Setzer Properties is a Delaware limited liability corporation with its principal office in Lexington, Kentucky. Natixis is a New York corporation with its principal office in New York City, New York. Defendant Fifth Third Bank is a Michigan corporation with its

principal office in Cincinnati, Ohio.

Setzer Properties owns real property in Commerce City, Colorado, on which it is constructing a freight terminal building which is to be leased on a long-term basis to FedEx Freight, Inc. While investigating various permanent financing options for the freight terminal building in the summer of 2006, representatives of Setzer Properties were introduced to Rob Kuntzweiler, Director of Natixis.

The Setzer Properties representatives began negotiating with Natixis the terms of permanent financing for the freight building. The parties ultimately entered into a loan commitment dated August 29, 2006 (the "Commitment"). The Commitment contained a forum selection clause which provided:

> Each party hereto hereby submits to the exclusive jurisdiction of the courts of the State of New York for any legal action or proceeding resulting from the transaction contemplated herein.

Setzer signed the Commitment on August 30, 2006. It was the Commitment that determined how the total interest rate on the loan was to be calculated.

On September 6, 2006, Plaintiffs and Natixis entered into a Rate Lock Agreement. The parties agree that while the interest rate as a whole could vary because the "spread" was subject to change pursuant to the Commitment, the effect of the Rate Lock Agreement was to lock the index rate portion of the interest rate at 4.79%. The Rate Lock Agreement required Plaintiffs to secure

2

payment of any monies due to Natixis under the Rate Lock Agreement by posting standby letters of credit in favor of Natixis in the aggregate of approximately $1,800,000.00.

When the Rate Lock Agreement was terminated and Natixis sought to drawn down on the standby letters of credit held by Fifth Third Bank, Plaintiffs sought a preliminary injunction enjoining Fifth Third from honoring the letters of credit and enjoining Natixis from presenting further sight drafts to Fifth Third Bank. The Court granted a temporary restraining order preventing Natixis from drawing on the letters of credit.

Prior to the hearing on the preliminary injunction, Natixis filed a motion to dismiss on the grounds that the Commitment provided that all disputes regarding the transaction were to be brought "in the courts of the State of New York." In response to Natixis's motion to dismiss for failure to comply with the forum selection clause, Plaintiffs argued that the alleged fraud which could support a preliminary injunction arises from the Rate Lock Agreement, which does not contain a forum selection clause. Although not articulated at the hearing on the preliminary injunction, it was on this basis that the Court denied Natixis's motion to dismiss. At the hearing on the preliminary injunction, however, it became clear that while the letters of credit were issued pursuant to the Rate Lock Agreement, the alleged fraud which could support a preliminary injunction is fraud as to the

3

calculation of the interest rate, which is contained in the Commitment.

The Court permitted Plaintiffs to file an amended complaint to conform their pleading to the fraud complained of during the preliminary injunction hearing. The Court also permitted parties to re-brief the motion for preliminary injunction subsequent to the filing of the amended complaint. The Court reserved ruling on the preliminary injunction until such time as the supplemental briefs were submitted. As evidenced by Plaintiffs' own filings, the alleged fraud pertains to the calculation of the interest rate as set forth in the Commitment. *See* Record No. 43 at 4. While this Court may have jurisdiction over the matter, this controversy is not within our purview, as the parties agreed to litigate all disputes in the courts of the state of New York. For the reasons set forth below, the Court will grant Natixis's motion for relief from the Order denying Natixis's original motion to dismiss.

## II.  Analysis

Contractual forum selection clauses are *prima facie* enforceable. *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972). A court may decline to enforce the forum selection clause only when the opposing party clearly demonstrates that enforcement of the clause would be "unreasonable or unjust." *Id.* at 15. While Plaintiffs have alleged fraud as to the Commitment, they have not alleged that the inclusion of the forum selection clause itself was

4

the result of fraud.  *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991)("unless there is a showing that the alleged fraud or misrepresentation induced the party opposing the forum selection clause *to agree to the inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.") (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974))(italics in original).

Plaintiffs' own filings point to the Commitment as a source of the alleged fraud.  In reply to Natixis's response to Plaintiffs' supplemental memorandum in support of the motion for preliminary injunction, Plaintiffs argue that "Natixis' [sic] admission that it was not willing to fund the loan at the Interest Rate formula in the Commitment" is evidence of "fraud in the transaction." *See* Record No. 43 at 4.  Additionally, Plaintiffs allege fraud in the transaction when "Natixis also falsely represented in writing that the loan Interest Rate would be calculated pursuant to the formula in the Commitment."  It is clear from both the hearing on the preliminary injunction and the supplemental briefs that the fraud complained of is fraud as to the calculation of the Interest Rate, which is contained in the Commitment.

Plaintiffs' argument that there was no meeting of the minds by which to form the contract that contains the forum selection clause is a question reserved for the appropriate tribunal, which is not

5

this Court. Similarly, Plaintiffs argue that because Natixis breached first, it should not be allowed to seek to enforce the forum selection clause contained in the contract it breached. A determination of who breached and when would perhaps be dispositive of several issues in this case, and the Court declines to make a determination on the issue when this Court is not the appropriate tribunal.

The forum selection clause provides that "any legal action or proceeding resulting from the transaction contemplated herein" shall be brought "in the courts of the State of New York." Contrary to Plaintiffs' arguments, the Court finds no ambiguity in the forum selection clause. The Court does not have the option of simply transferring the case to a United States District Court in the State of New York, because the parties agreed that "the courts of the State of New York" would be the appropriate tribunal. By definition, United States District Courts are not courts *of* the State of New York - they are courts *of* the United States, a proposition with which other Circuits agree. *Dixon v. TSE Int'l, Inc.,* 330 F.3d 396, 398 (5th Cir. 2003)("Federal district courts may be *in* Texas, but they are not *of* Texas.")(italics in original); *see also Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921 (10th Cir. 2005)(holding that "courts of the state of Colorado" did not include federal district courts). Accordingly, the Court must dismiss this case without prejudice, with

Plaintiffs' having the opportunity to re-file in the state courts of New York.

Plaintiffs also take issue with the "transaction contemplated herein" language of the forum selection clause, arguing that the only transaction contemplated by the Commitment was the closing of the loan, and as the closing did not occur, the current dispute is not governed by the forum selection clause. It seems illogical to argue that the "transaction" referred to in the Commitment was solely the closing of the loan. Pursuant to the Commitment and the Rate Lock Agreement, the parties were obligated to certain perform certain duties before the closing could occur, all of which comprised the "transaction contemplated" by the forum selection clause. The calculation of the interest rate at which the loan would be made constitutes an integral part of the contemplated transaction.

The transaction contemplated by the Commitment has several connections to the chosen forum, including the facts that the loan was to close and be funded in New York and Natixis is a New York corporation with its principal office located in New York. The chosen forum has a reasonable relationship to the transaction, and the Court declines to deviate from a contractual forum selection clause negotiated between two sophisticated business entities.

### III.   Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

7

1) That Natixis's motion for relief from order denying the motion to dismiss [Record No. 33] be, and the same hereby is, **GRANTED**;

2) That the previously entered temporary restraining order [Record No. 10] be, and the same hereby is, **SET ASIDE**;

3) That this case be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE AND STRICKEN FROM THE ACTIVE DOCKET**;

4) That all pending motions be, and the same hereby are, **DENIED AS MOOT**; and

5) That all proceedings be, and the same hereby are, **CONTINUED GENERALLY**.

This the 22nd day of February, 2008.



Signed By:

*Joseph M. Hood*

**Senior U.S. District Judge**